UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALEX CRUZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-306 |
| § | |
| ROGER A CHAFFIN, *et al*, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM AND RECOMMENDATION**

Petitioner is an inmate in the Bureau of Prisons (BOP) and currently is incarcerated at Federal Corrections Institution (FCI) in Three Rivers, Texas. The events about which he complains occurred at the FCI in Ashland, Kentucky. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 14, 2014 (D.E. 1). Petitioner argues that his due process rights were violated in a disciplinary hearing because there was insufficient evidence to support the finding of guilt. Respondent filed an answer and a motion for summary judgment on October 14, 2014, to which Petitioner responded on November 20, 2014 (D.E. 14, 15). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Petitioner's cause of action for habeas corpus relief be denied.

## **JURISDICTION**

This Court has jurisdiction and venue is appropriate in this division because petitioner was incarcerated in Live Oak County, Texas at the time he filed his petition.

*See* 28 U.S.C. §§ 1331 and 2241; *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a 360-month sentence with a five-year period of supervised release for armed bank robbery and conspiracy to commit an offense against the United States (Inmate Data, D.E. 14-1 at 2-4). He does not complain about his holding conviction, but challenges the results of a disciplinary hearing. In incident report number 2379716 Petitioner was accused of "Use of Mail for Illegal Purpose (attempted)" in violation of Code 196A and "Stealing (attempted)" in violation of Code 210A. (Incident Report, D.E. 1 at 25).

According to the incident report, a review of outgoing correspondence showed that Petitioner and two other inmates created fraudulent and illegal financial instruments in the form of Bearer Bonds in an attempt to defraud the United States Treasury. BOP officials confiscated a note from Petitioner to "Trina," stating that Petitioner was sending Trina new bonds to replace the "International Bills of Exchange" that she already had and said the instructions for the "IBOE" would be the same for the new bonds. She was also instructed to shred the "IBOE." The incident report alleged that the United States Treasury identified Bearer Bonds as fraudulent financial obligations outlawed by the Tax Equity and Fiscal Responsibility Act of 1982. (*Id.*)

The Bearer Bond relevant to Petitioner's disciplinary case listed "Alex Cruz-Org./Trust Company as the Drawee and the United States Department of the Treasury as the Payee. The value of the bond was $15,950,690,400.00 upon maturity, but no maturity date was listed (D.E. 1-2 at 9).

During the investigation Petitioner did not deny having sent any of the correspondence, but said he was authorized by statute to issue the bonds because he is a private banker and the owner of a registered trust (Incident Report, D.E. 1 at 25). At a disciplinary hearing held on January 10, 2013, Petitioner stated that he created the Bearer Bonds along with two other inmates and mailed them to Silvia Moore. The forms were made to "make a payment deposit" to the Treasury Department. Each bond has a payee and a drawee and the drawee would make payment to the Treasury Department. Moore had a Power of Attorney for the inmates and she was supposed to take them and "process them along," which involved making copies and filing them with the "respective agencies." The inmates asked Moore to do it because it was "against policy" for them to do it themselves. Petitioner said the forms are legal but were incomplete because they did not have a CUSIP number, which would be assigned by the Treasury Department once they were filed there. Petitioner also submitted documentation, including documents from the Internal Revenue Service and the Commonwealth of Kentucky, showing that Petitioner had a legitimate business known as the Alex Cruz Organization Trust Company. Petitioner pointed out that the drawee on the Bearer Bond was his company and not himself. Finally, Petitioner submitted a copy of a "World Political

Asylum Card" which states that he has "asylum from prosecution." (DHO Report, D.E. 1 at 30, D.E. 1-1 at 1-2).

Petitioner was found guilty based a report prepared by an investigator who reviewed the documents and also on the documents themselves.  The DHO found that Petitioner was attempting to gain access to $15,950,690,400.00 and that it was not logical to think that Plaintiff and the other inmates believed that they could legally obtain the sum of money by completing paperwork.  The DHO said it was clear that Petitioner and the other inmates fabricated Bearer Bonds as an effort to contrive and manipulate facts in an attempt to obtain something that did not belong to them.  The DHO defined the misconduct as attempted stealing and dismissed the greater act of attempting to use the mail for an illegal purpose.  Petitioner was punished with the disallowance of twenty-seven days of good conduct time, the forfeiture of thirty-three days of non-vested good conduct time, thirty days of disciplinary segregation and the loss of telephone and e-mail privileges for twelve months (DHO Report; D.E. 1-1 at 2-3).

Petitioner received notice of the guilty finding on February 13, 2013 and filed an appeal to the regional administrator on February 19, 2013.  He argued that the DHO decision was not based on facts, that the DHO was not familiar with securities law, and that the Bearer Bonds were not illegal in any way (Regional Administrative Appeal, D.E. 1-1 at 5-6).  The Regional Director denied the appeal on April 4, 2013, finding that the required disciplinary procedures were substantially followed, the evidence supported the DHO's finding and the sanctions were appropriate for the offense (Regional Response, D.E. 1-1 at 7).

Petitioner filed an appeal with the Central Office on May 14, 2013, once again arguing that the Bearer Bonds were legal and not fraudulent and that the DHO findings were not based on the greater weight of the evidence (Central Office Appeal, D.E. 1-1 at 10-11). A response was due from the BOP on June 23, 2013, which later was extended to July 13, 2013 (Extension, D.E. 1-1 at 9). Petitioner received a notice dated August 16, 2013 from the Central Office telling him that if he did not receive an answer in the time allotted for reply, he could consider the response to be a denial (Administrative Remedy Appeal, D.E. 1-1 at 12).

Petitioner filed this habeas action on July 14, 2014 and makes the following arguments: (1) His right to due process was violated during the disciplinary hearing; (2) There was insufficient evidence to support the finding of guilt; and (3) Individual named defendants breached a contract they had with the BOP to support and defend the United States Constitution. In Respondent's motion for summary judgment he argues that Petitioner received all the process he was due and that there was sufficient evidence to support the conclusion that Petitioner was guilty. In his response to the motion for summary judgment, Petitioner reiterates his original arguments regarding due process and insufficient evidence.

## APPLICABLE LAW

### A. Due Process Rights

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the United States Supreme Court described the

limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (internal citations omitted). The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. *Id.*

### 1. Classification

Petitioner asserts that as a result of the DHO hearing, a "Greater Security Management Variable" was placed against him. He does not further explain the designation, but it is assumed to be a classification based on the BOP's perception of Petitioner as a security risk.[1]

---

[1] Nothing in the record indicates that Petitioner was given the Greater Security Management Variable designation as a result of the disciplinary hearing. Nevertheless, it will be assumed for purposes of this motion that Petitioner was assigned the designation as a result of the hearing.

Petitioner fails to state a claim for habeas corpus relief based on the designation because "'[p]risoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Torres v. Cruz*, No. 3-09-CV-2399-P, 2010 WL 742438 (N.D. Tex. 2010)(well-settled law indicates federal inmate has no protected liberty interest in his classification status) and *Taylor v. Young*, No. 2:07-cv-782, 2007 WL 2253405 (W.D. La. 2007)(same). Because Petitioner did not have a protected liberty interest in his custodial classification, he cannot show that he is entitled to habeas corpus relief. Accordingly, Respondent is entitled to summary judgment on this issue.

**2. Loss of Good Time**

Petitioner lost sixty days of good time and Respondent concedes that inmates have a liberty interest in the forfeiture of good time credits. *See Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000)(applying *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997), to federal inmates). Thus, good time credits can only be taken from a prisoner in a manner that comports with due process.

The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff*, 418 U.S. at 564: (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals and (3) There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision.

Petitioner in this case received written notice of the charges and the hearing officer made a written record noting the evidence he relied on in finding petitioner guilty. There is no evidence indicating that Petitioner was not allowed to present witnesses or documentary evidence. Petitioner argues that the charges were not based on evidence, but on the DHO's lack of understanding of the Bearer Bonds. To the extent Petitioner's complaint can be construed as challenging the sufficiency of the evidence, it is not the job of the courts to assess the weight of the evidence when reviewing a prison disciplinary hearing, but only to determine whether the guilty finding has support of some facts or any evidence at all. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). As long as a hearing officer's decision is supported by some evidence and the requirements of *Wolff* have been met, the decision cannot be disturbed on judicial review. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent Mass. Corr. Institution v. Hill*, 472 U.S. 445, 455-456 (1985); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In this case, Petitioner did not deny taking any of the actions described in reference to the Bearer Bonds. Rather, his argument is that the Bearer Bonds are legitimate securities and it was not a violation of law or policy for him to have drafted and issued them. The DHO found Petitioner guilty based on the fact that it was unbelievable that Petitioner could think that manufacturing the Bearer Bonds would allow him to have access to more than $15 billion. The documents produced at the

hearing are "some evidence" that Petitioner attempted to steal money. Because Petitioner received due process as outlined in Wolff and because there is evidence to support the finding that the Bearer Bonds were part of a plan to obtain funds that did not belong to him, it is recommended that Respondent's motion for summary judgment be granted and Petitioner's application for habeas corpus relief be denied.

## B.  Breach of Contract

Petitioner named several individual defendants in addition to Warden Roy and argued that they entered into a contract with the BOP to uphold the United States Constitution and that they violated their contract when they deprived Petitioner of his due process rights. This argument fails for multiple reasons. First, the only proper defendant in a habeas corpus case is the warden of the prison. *See* Rules 2(a) and 1(b) of the Rules Governing Section 2254 Cases. *See also Rumsfeld v. Padilla*, 542 U.S. 426, (2004)(the proper respondent in a habeas action is the person who has custody over the petitioner). Second, the other named defendants in this case were terminated from this case on August 6, 2014 because they were not proper defendants (D.E. 6). Finally, as discussed more fully above, it is recommended that a finding be made that Petitioner's due process rights were not violated by anyone, including the individual defendants named by Petitioner. Accordingly, it is recommended that any claim based on a breach of contract be dismissed.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 14) be GRANTED and Petitioner's application for habeas

corpus relief be DENIED. In addition, any claim based on a breach of contract should be DISMISSED.

Respectfully recommended this 12th day of March, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).